UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BILL JONES | CIVIL ACTION |
| VERSUS | NO. 18-2755 |
| NEW ORLEANS REGIONAL PHYSICIAN HOSPITAL ORGANIZATION, INC., DBA PEOPLES HEALTH NETWORK | SECTION A(5) |

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 24)** filed by Defendant New Orleans Regional Physician Hospital Organization Inc. d/b/a Peoples Health Network ("Peoples Health"). Plaintiff Bill Jones opposes the motion (Rec. Doc. 37). The Motion, set for submission on May 15, 2019, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the opposition, the record, and the applicable law, the Court finds that Defendant's **Motion for Summary Judgment (Rec. Doc. 24)** is **DENIED** in part and **GRANTED** in part.

**I.    Background**

Plaintiff Bill Jones worked for Peoples Health from March 2013 until his alleged wrongful termination in 2017. (Rec. Doc. 1 Complaint, ¶ 9). Plaintiff filed the instant suit alleging that his termination related to a meeting with Janice Ortego, Peoples Health Vice President, during which he raised concerns about violations of the Fair Labor Standards Act ("FLSA"). (*Id.* at 14). Plaintiff seeks reinstatement of his position and damages pursuant to Section 15(a)(3) of the FLSA alleging that his termination was motivated by his FLSA claims. (*Id.* at 18). The Court notes that the Complaint pled a claim of retaliation under the False Claims Act. (Rec. Doc. 1, ¶ 17). Plaintiff's opposition provides that he does not wish to pursue a claim under the False Claims Act and requests this Court to dismiss the claim without prejudice. (Rec. Doc. 37, p. 1). In the motion before the

Court, Peoples Health argues that all of Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 56, summary judgment.

## II. Legal Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

## III. Discussion

Pursuant to the FLSA, it is unlawful for an employer to discharge or in any other manner discriminate against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(A)(3). In analyzing FLSA cases, the Fifth Circuit adopted the Title VII burden-shifting framework set out in

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Hagan v. Echostar Satellite, LLC,* 529 F.3d 617, 624 (5th Cir. 2008). The framework is applied as follows:

> First, a plaintiff must make a *prima facie* showing of (1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. If a plaintiff meets this burden, the defendant must then articulate a legitimate, non-discriminatory reason for its decision. The burden then shifts to the plaintiff to demonstrate that the proffered reason is a pretext for discrimination.

*Id.*(quoting *Hagan v. Echostar Satellite L.L.C.,* No. H–05–1365, 2007 WL 543441, at *4 (S.D.Tex. Feb. 16, 2007).

Peoples Health argues that Plaintiff's suit should be dismissed on summary judgment because: (1) the facts show that he did not engage in a protected activity; (2) Peoples Health did not consider him to have engaged in a protected activity; and (3) Peoples Health did not terminate his employment because of a protected activity. (Rec. Doc. 24-1, p. 1). The Court must determine whether there exists a genuine issue of material fact upon examination of each element of a *prima facie* case, if there was a non-discriminatory reason for the employer's decision, and if it was a pretext for discrimination.

### A. *Prima Facie* Case

#### i. Protected Activity

Peoples Health cites recordings of Plaintiff's meeting with Ortego to assert that a conversation about the paid time off policy and the FLSA did not rise to the level of engaging in an activity protected by the FLSA. (*Id.* at 22). Plaintiff responds that during the meeting he specifically brought up the company's refusal to count overtime and Anthony Bonck's, one of Jones' supervisors, failure to comply with the FLSA. (Rec. Doc. 37, p. 10-11). Plaintiff asserts that he also printed and left with Ortego an information piece prepared by a law office online and a 64-page copy of the FLSA. (*Id.*).

Fifth Circuit precedent establishes that to engage in a protected activity the plaintiff must make a complaint:

> In order for an employee's communication to constitute a "complaint," the "employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation" and the "complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection."

*Lasater v. Tex. A & M Univ.-Commerce*, 495 Fed.Appx. 458, 461 (5th Cir. 2012) (per curiam) (quoting *Kasten v. Saint–Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S.Ct. 1325, 1334–35, 179 L.Ed.2d 379 (2011)). An informal, internal complaint also constitutes as a protected activity under Section 215(1)(3). *Hagan,* 529 F.3d at 626 (5th Cir. 2008). The Fifth Circuit specified that the informal complaint must concern some violation of law and frame the objection in terms of a potential illegality. *Id.* The Fifth Circuit adopted the Tenth Circuit approach in requiring an employee to "step outside his or her role of representing the company by either filing (or threatening to file) an action adverse to the employer, by actively assisting other employees in asserting FLSA rights, or by otherwise engaging in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA." *Id.* at 627-628 (quoting *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1486-1487 (10th Cir. 1996)).

On April 24, 2017, Jones recorded a one-on-one meeting held with Ortego. (Rec. Doc. 24-8). Jones said, "[I]f things worked the way that I understand they are supposed to work, I would have PTO [paid time off]…And, I mean, under – does the Federal – I mean, the Fair Standards Labor Act apply differently to [Peoples Health]?" (*Id.* at 23). Jones told Ortego that he felt uncomfortable discussing "compliance things" and "reporting things" with the human resource division of Peoples Health due to a confidentiality concern. (*Id.* at 29). Jones said, "I keep having to take time off with no pay because when I really should have pay – or PTO rather, then it is just a whole lot of added consternation that is – that shouldn't have to be there." (*Id.* at 32). Jones had a follow-up meeting

with Ortego and Macon Moore on May 10, 2017, during which Ortego informed Jones of his termination. (Rec. Doc. 37-13, p. 15). Moore prepared a memorandum of what occurred at the meeting including the following excerpt:

> [Jones] raised a few questions about an issue he perceived and had reported about the Fair Labor Treatment Standard. [Moore] reported that we were not here to discuss that and that HR was more versed in those issues and had been made aware of his perceptions.

(*Id.*). Considering the recorded one-on-one conversation, Jones providing Ortego with FLSA related materials, and Moore's witness report that Peoples Health was aware of Plaintiff's perceptions regarding the FLSA, the Court finds that there exists a genuine issue of material fact. A reasonable trier of fact could find that Jones' actions reasonably could be perceived as directed towards the assertion of rights protected by the FLSA.

### ii. Adverse Employment Action

The second element a plaintiff must show to succeed in a FLSA retaliation claim is an adverse employment action. *Hagan,* 529 F.3d at 624. The parties do not dispute that Peoples Health terminated Plaintiff's employment which is an adverse employment action. Therefore, this element of Plaintiff's FLSA retaliation claim is established.

### iii. Causal Link

Peoples Health asserts that Bonck and William "Hunt" Graham, Jones' immediate supervisor, intended to terminate Jones' employment prior to Jones' April 24, 2017, meeting with Ortego. (Rec. Doc. 24-1, p. 24). Peoples Health argues that it was not required to abandon the contemplated plans to discipline or terminate Jones merely because Jones referenced the FLSA in a meeting with Ortego. (*Id.* at 23). Peoples Health states that Jones cannot succeed in a *prima facie* FLSA case unless he can provide competent evidence from which a factfinder could conclude Peoples Health would not have terminated his employment but for the fact that he mentioned the FLSA in his meeting with Ortego on April 24, 2017. (*Id.* at 24). Plaintiff responds that Bonck lacked

the authority to terminate or discipline him. (Rec. Doc. 37, p. 4). Plaintiff asserts that Bonck and Graham "castigated" him since 2016 on his sub-par performance. (*Id.* at. 2-4). Despite the various complaints over the years, Ortego did not terminate or discipline Jones prior to the follow-up meeting on May 10, 2017. (*Id.* at 4).

The Supreme Court held that "temporal proximity alone, when very close, can in some instances establish a prima facie case of retaliation." *Ganheart v. Brown,* 740 Fed.Appx. 386, 389 (5th Cir. 2018) (citing *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)). In these instances, however, the plaintiff carries the burden to prove that the protected activity was a but-for cause of the adverse action. *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013)). Termination followed approximately two weeks after the April 24, 2017, meeting. The Court finds that there is a genuine issue of material fact regarding the but-for cause of the adverse action. Based upon the evidence before the Court, the Court concludes that a reasonable fact finder may draw the reasonable inference that Jones' termination at the May 2017 follow-up meeting was out of a retaliation for an FLSA protected activity.

## B. Non-discriminatory Reason and Pretext for Discrimination

Considering that the Court finds there is a genuine issue of material fact as to Plaintiff's *prima facie* case, Peoples Health carries the burden by stating a legitimate non-retaliatory reason for the employment action. Peoples Health cites to two instances in 2015 during which Bonck counseled Jones for failure to submit payroll information and complete mandatory computer training. (Rec. Doc. 24-1, p. 2-3). Peoples Health also cites to meetings held in 2016 with Bonck, Graham, and Jones to discuss concerns regarding Jones' work performance and organizational skills. (*Id.*). In 2017, Jones requested to work remotely from home to help his father who had suffered a stroke. (*Id.* at 5). Peoples Health cites to the reporting requirements set forth by Bonck and Jones' failure to comply including Jones' failure to remotely connect to Peoples Health's computer network. (*Id.* at 6-

7). Peoples Health asserts that at the May 10, 2017, meeting Ortego and Moore advised Jones that Peoples Health decided to terminate his employment because it did not appear he was working remotely as previously agreed. (*Id.* at 9). Plaintiff does not dispute the complaints submitted by Bonck and Graham regarding his lack of work documentation. (Rec. Doc. 37). Failing to adhere to specific protocol established by supervisors is a potential legitimate reason to terminate employment. The Court recognizes that these compliance issues may be grounds for valid termination, and although Plaintiff has raised material facts to be in dispute, Plaintiff will still have a challenge in prevailing on the merits, especially in light of the fact that even by Plaintiff's own admissions it appears he was not a model employee.

Shifting the burden to the plaintiff, Jones must provide evidence that the employer's permissible reason is instead a pretext for retaliation. Plaintiff responds that there is a history of conflict with his immediate supervisors, Bonck and Graham, regarding Plaintiff's inadequate documentation of his work. (Rec. Doc. 37, p. 14). Plaintiff argues that neither Bonck nor Graham possessed the authority to terminate his employment. (*Id.* at 15). Rather, Plaintiff asserts that Ortego held the position to terminate him, and irrespective of Bonck's repeated complaints over the years, she supported Plaintiff until the April 24, 2017, meeting. (*Id.*).

The Court finds that a reasonable trier of fact could find that Plaintiff presented evidence of discriminatory pretext. The Fifth Circuit held that a plaintiff "may also establish pretext by presenting evidence that the employer's proffered explanation is false or unworthy of credence, because 'it is not the real reason for the adverse employment action.'" *Sanders v. Anadarko Petroleuum Corp.,* 108 Fed.Appx. 139, 143 (5th Cir. 2004)(quoting *Laxton v. Gap Inc*., 333 F.3d 572, 578 (5th Cir.2003); Nichols v. Lewis Grocer, 138 F.3d 563, 566 (5th Cir.1998)).

The Court emphasizes that Jones does not dispute that he had accountability issues dating back to 2015; however, he asserts that he was never disciplined for any performance issues over the term of his employment. (Rec. Doc. 37-1, p. 4). Ortego testified that Bonck reported directly to her

regarding his concerns about Jones. (Rec. Doc. 37-9, p. 47). Similarly, Bonck testified that he had never fired anyone and that he reports directly to Ortego. (Rec. Doc. 37-8, p. 11). This evidence coupled with the assertion that Plaintiff requested the April 24, 2017, meeting, and it is after that meeting that Ortego scheduled a follow-up meeting (Rec. Doc. 37-5, p. 57) could lead a reasonable trier of fact to conclude that the proffered reason is a pretext for the retaliation against Plaintiff's FLSA claim.

**IV. Conclusion**

Accordingly;

IT IS ORDERED that Defendant's **Motion for Summary Judgment (Rec. Doc. 24)** is **GRANTED** in part with respect to Plaintiff's claim of retaliation under the False Claims Act and this claim is dismissed without prejudice. The motion is **DENIED** in part with respect to Plaintiff's retaliation claim under the Fair Labor Standards Act.

New Orleans, Louisiana, this 8th day of August, 2019

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE